ISAAC HARTSHORN, PLAINTIFF IN ERROR, v. HORACE H. DAY.

If the defendant in error files a copy of the record before the expiration of the time which is allowed to the plaintiff in error to file it, and afterwards the plaintiff in error files the record in proper time, the case made by the defendant in error will be dismissed.

THIS case was brought up, by writ of error, from the circuit court of the United States for the District of Rhode Island.

The defendant in error filed the record, and docketed the case on the 24th of November, 1855, and on the ensuing 1st of December the plaintiff in error filed his copy of the record, within the period allowed him by the 63d rule of court.

Mr. Gillett, for the defendant in error, moved the court for leave

to withdraw the record filed by him in order to have the same forthwith printed at his own expense.

Upon which motion, Mr. Justice McLEAN delivered the opinion of the court.

In the above case, a motion was made by the defendant that he be permitted to withdraw the record filed and docketed by him, and have it printed at his own expense, without losing its place on the docket.

Rule 63, published in 16 How. requires that, when an appeal on writ of error shall be taken to this court thirty days before the commencement of the ensuing term, the record shall be filed within the first six days of the term; and if the plaintiff in error or appellant shall fail to comply with this rule, the defendant in error or appellee may have the cause docketed and dismissed, upon producing a certificate of the clerk of the court wherein the judgment or decree was rendered, stating the cause, and certifying that such writ of error or appeal has been duly sued out and allowed.

But the rule states, the defendant in error or appellee may, at his option, docket the case and file a copy of the record with the clerk of the court; and if the case is docketed and a copy of the record filed with the clerk of this court, by either party, within the periods of time above limited and prescribed by this rule, the case shall stand for argument at the term.

The above case was docketed in this court, by the defendant in error, before the expiration of the time allowed the plaintiff to file the record.

The plaintiff in error filed the record and had the cause docketed, before the expiration of the six days after the commencement of the term; he was therefore within the rule, and was guilty of no laches. Had he failed to do this, the defendant, on the certificate of the clerk, might have docketed and dismissed the cause, or he might have procured the record and docketed the case which, under the rule, would stand for argument at the present term. But the case cannot be dismissed or docketed by the defendant, unless the plaintiff in error or appellant shall be in default.

The above cause is, therefore, dismissed.

### Order.

Mr. Gillett, of counsel for the defendant in error having moved the court on a prior day of the present term, for leave to withdraw this record in order to have the same printed forthwith, and it appearing to the court that this record was filed and docketed at the instance of the defendant in error, on the 24th

day of November last, and it also appearing that the plaintiff in error had filed the record and docketed the case, on the 1st of December last, within the period allowed him by the 63d rule of court, it is considered by the court that this cause was filed and docketed prematurely by the defendant in error, and should be dismissed—whereupon it is now here ordered by this court that this cause be stricken from the docket and that the record thereof be delivered to the defendant in error.